The opinion of the Court was delivered by
O’Neall, J.
In this case, there seems to be no just ground of complaint, except the finding of fifty dollars by the jury more than the plaintiff claimed and admitted to be right.
For the evidence certainly fully established that the plaintiff’s trip to the Springs was by the defendant’s consent: that he was gone a few days, or a few weeks, longer than was anticipated, was no just ground to rescind the contract, unless the defendant had shewn, that it was a wilful delay on the part of the plaintiff, or that it had prejudiced the defendant. Neither was done. Indeed, the defendant made no such objection. His letter dismissing the plaintiff, and his attempt to prove on the trial unauthorized appropriations of his property to the plaintiff’s use, shew that his dismission of the plaintiff was rested on other grounds, utterly absurd and groundless.
The jury might, in assessing the plaintiff’s damages, have deducted from the amount to which the plaintiff under his contract was entitled, the sum which he received from Dr. Anderson for three months’ services. For, in legal strictness, one of two things is to be regarded as true, either that the plaintiff by affirming that the contract ought to be continued for the year, becomes thereby the servant of the defendant, who is, therefore, entitled to his earnings for that period, or that, by entering into another’s service, he thereby assents to the termination of his former contract. But notwithstanding these positions would justify a verdict deducting the wages, yet it does not follow that, if not allowed, the verdict should be set aside.
The plaintiff sues for and claims damages for the breach of a contract — the measure is what he would have been entitled to receive. The defendant claims to diminish that by what he has earned. The plaintiff may very well reply — true, I have earn *523 ed that much, but it is covered by my maintenance and my horse feed, both of which you were to provide, and by the charges I have incurred in my change from- one service to another. These were all matters for the jury, and they had the right, on comparing them with the deduction claimed, to disallow it.
But as to the fifty dollars, for the two months’ absence at the Springs, it is clear, it should have been deducted. The plaintiff agreed to allow it before he went: his letter of January deducts it, and claims only one hundred dollars.
It is, therefore, ordered that a new trial be granted, unless the plaintiff shall, upon notice of this order, enter a remittitur of fifty dollars, part of his verdict, on the record. On this being done, the motion is dismissed.
EvaNS, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motion granted nisi.